Palmaneda Adams (formerly Palmaneda Dean) v. Commissioner.
Adams v. Commissioner
Docket No. 1804-63.
United States Tax Court
T.C. Memo 1964-286; 1964 Tax Ct. Memo LEXIS 54; 23 T.C.M. (CCH) 1743; T.C.M. (RIA) 64286; October 30, 1964
John W. Ritter, for the petitioner. John P. Graham, for the respondent. DAWSON
Memorandum Opinion DAWSON, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1959 in the amount of $4,291.16. The sole issue for decision is whether respondent correctly disallowed to petitioner a deduction for depreciation on shopping center buildings owned by her in the year such buildings were sold. The facts, completely stipulated by the parties, are not in dispute, and as stipulated are adopted as our findings of fact. Palmaneda Adams (hereinafter referred to as petitioner) is an individual who during the taxable year 1959 resided in Toledo, Ohio. Her Federal individual income tax return for that year, made on the cash basis and for the calendar year period, was filed with the district *55 director of internal revenue at Cleveland, Ohio. During the year 1954 petitioner, together with her former husband, Allen Dean, jointly constructed, on land jointly owned by them, a shopping center located at Toledo, Ohio. This center, known as the Town and Country Shopping Center, was completed January 1, 1955. On August 10, 1958, Allen Dean died and petitioner became the sole owner of the shopping center by inheritance of the one-half interest formerly owned by her deceased husband. As of January 1, 1959, the adjusted basis in petitioner's hands of the buildings located in the Town and Country Shopping Center was $244,476.75. On October 1, 1959, petitioner sold the entire shopping center, including land and buildings, for the net amount of $349,935.46. On her income tax return for the year 1959 petitioner claimed depreciation on the buildings in the Town and Country Shopping Center in the amount of $11,001.35. In computing this depreciation petitioner employed the double declining balance method using an estimated useful life of 33 1/3 years and a zero salvage value. In his notice of deficiency respondent disallowed the entire amount claimed by petitioner as depreciation *56 on the shopping center buildings for 1959 stating that: It has been determined that you are not entitled to a deduction for depreciation of the shopping center in the taxable year ended December 31, 1959, under the provisions of section 167 of the Internal Revenue Code of 1954. It is respondent's argument on brief that: Depreciation in 1959 of the shopping center is unreasonable and not allowable where the shopping center was sold in 1959 for more than the adjusted basis to petitioner at the beginning of the year, and where actual salvage value as evidenced by the selling price clearly exceeded the petitioner's adjusted basis in the shopping center. This argument, as we see it, poses two distinct questions: First, whether as a matter of law any depreciation is allowable in the year of sale of depreciable real property where the selling price of that property exceeds its undepreciated cost (or other basis) as of the beginning of the year of sale; and second, whether, if some depreciation is allowable in the year of sale, the amount claimed by petitioner in the instant case is excessive. As to the first question, respondent's contention is predicated *57 upon his view that where the useful life of depreciable real property is terminated by sale substantially prior to the end of its previously anticipated useful life to a taxpayer, and where the sale price exceeds the undepreciated cost (or other basis) for the property as of the beginning of the year of sale, then such sale price is determinative of the salvage value of the property. This is an argument which we recently rejected in Macabe Company, 42 T.C. - (September 29, 1964), a case closely analogous to the instant one. We there stated that, "where depreciable real property is unexpectedly disposed of substantially prior to the expiration of its estimated useful life, the actual sales price received therefor bears little, if any relevance to the salvage value of the property," the sole exceptions to this rule being where the property is sold at or near the end of its useful life, Cohn v. United States, 259 F. 2d 371, 378 (C.A. 6, 1958), or where it appears that there has been an error in the taxpayer's original calculation of salvage value, Massey Motors v. United States, 364 U.S. 92, 105 (1960). In the instant case respondent does not dispute petitioner's *58 original estimation of salvage value adopted in connection with the method of depreciation utilized by her; nor did the sale of the shopping center buildings take place at or near the end of their useful lives, which the parties have agreed is 33 1/3 years. Consequently, it is our view that the price received by petitioner upon the sale of these buildings less than 5 years after they were completed is neither determinative nor probative of their actual salvage value remaining at the end of their useful lives. Under these circumstances we hold that petitioner's estimate of a zero salvage value for the buildings was reasonable. In computing the claimed depreciation deduction for 1959 on the buildings located in the Town and Country Shopping Center petitioner availed herself of the so-called double declining balance method of depreciation. This same method was used to compute depreciation on the buildings for 1958 and the amount claimed in that year was allowed by respondent as reasonable, not excessive, and permissible within the purview of section 167(b)(2) of the 1954 Code. The evidence indicates that at the time of completion of the shopping center petitioner and her former husband *59 Allen Dean intended to hold the property for its full useful life, and that a sale in 1959 was unanticipated. We think the amount claimed by petitioner in 1959 for depreciation was reasonable and should be allowed. To reflect the agreement of the parties on other issues, Decision will be entered under Rule 50.